CHARLES J. BILLWILLER, RESIDENT AGENT, ESTATE OF JOHN W. BILLWILLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 8313, 8314. Promulgated April 26, 1928.

*L. L. Hamby, Esq.,* and *Henry J. Richardson, Esq.,* for the petitioner.

*D. D. Shepard, Esq.,* for the respondent.

OPINION.

TRUSSELL: The time covered by the two proceedings here under consideration began on May 1, 1918, and ended on April 30, 1920. Any tax liability incurred by the petitioner's decedent is therefore governed by the provisions of the Revenue Act of 1918, where the gross income of individuals is defined and described in section 213, and that part of said section referring to nonresident aliens is as follows:

(c) In the case of nonresident alien individuals, gross income includes only the gross income from sources within the United States, including interest on bonds, notes, or other interest-bearing obligations of residents, corporate or otherwise, dividends from resident corporations, and including all amounts received (although paid under a contract for the sale of goods or otherwise) representing profits on the manufacture and disposition of goods within the United States.

It has been urged on behalf of the petitioner that the language of the above section, reading: "representing profits on the manufacture and disposition of goods within the United States" can not be lawfully interpreted to lay a tax burden upon petitioner's decedent for the reason that the decedent was not at any time connected with or related to any business of manufacturing goods within the United States. The Board had this question before it in the case of *Richard L. Birkin*, 5 B. T. A. 402, where the decision was adverse to petitioner's contention. The reasoning and the decision in that case are controlling here.

It has further been contended on behalf of the petitioner that the items of interest, $24,707.30 and $24,988.42, for the years 1919 and 1920, respectively, charged against the gross sales represented by the books of the business kept in New York, and credited and paid to the petitioner's decedent, are in fact interest upon the said decedent's capital investment in the business of Billwiller Brothers and that no part of such capital investment was employed or used within the United States, and that therefore the said amounts of interest should not be included in any amount of gains and profits derived from business carried on within the United States. The record shows, however, that in each of the periods here under discussion the said amounts of interest were accrued upon the books of the business carried on in New York; that they were deducted from the gross income shown by such books and have not been restored to such gross income. Interest upon the capital investment of a partner and a partnership business must be paid out of the gains and profits of the business and where the same has been deducted from the gross gains and profits of such business we must conclude that the crediting and payment of such interest to the individual partners is simply a method of modifying the distribution of the net gains and profits which would otherwise prevail. We are, therefore, of the opinion that these amounts of interest must be regarded as a part of the gains and profits derived by the petitioner's decedent from the sale of merchandise within the United States, and that they are properly included in his gross income subject to tax under the Revenue Act of 1918. Compare *John A. L. Blake*, 9 B. T. A. 651.

It appears that in determining the tax liability of petitioner's decedent the respondent has accepted the books kept on behalf of

the decedent and his associates in the New York office as representing the true cost of the goods sold in the United States, and that such cost represented the manufacturing costs in Switzerland, plus all the necessary overhead, carrying charges, customs' taxes, and storage, to such time as the same goods were delivered to the New York office. There was received in evidence a typed statement appearing to be a translation of a statement of gains and losses upon the business of these associates at their home office in Switzerland. The record, however, contains substantially no explanation of this statement and upon examination it appears that the statement does not undertake to show manufacturing cost of the goods shipped to and sold in the United States, as distinguished from the manufacturing cost of goods sold in other countries, and so far as we can determine the alleged losses set forth in said statement may have been incurred in sales made in other countries and to have no relation to the manufacturing cost of goods sold in the United States. We are, therefore, of the opinion that this evidence is not of a character to warrant us in making a finding that the costs of the goods sold in the United States are different from the figures found by the respondent upon the books of the New York office representing such cost.

*Judgment will be entered for the respondent.*